19-112-cr
*United States v. Williams*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty.

PRESENT:  RALPH K. WINTER,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 19-112-cr

TIMOTHY WILLIAMS,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:                          GARY L. CUTLER, Gary L.
                                        Cutler, P.C. New York, NY.

FOR APPELLEE:                           JOSHUA G. HAFETZ, Assistant
                                        United States Attorney (David
                                        C. James, Assistant United
                                        States Attorney, *on the brief*), *for*
                                        Richard P. Donoghue, United
                                        States Attorney for the Eastern
                                        District of New York,
                                        Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Timothy Williams appeals from a restitution order imposed by the United States District Court for the Eastern District of New York (Hall, *J.*) following his guilty plea to one count of mail fraud in violation of 18 U.S.C. § 1341. In an effort to evade previously incurred credit card debts, Williams falsely informed various credit rating agencies and financial institutions that he was the victim of identity theft and had never opened the accounts in question. Upon learning of the

2

purported identity theft, Chase Bank ("Chase") wrote off Williams's credit card debts. At sentencing, the district court ordered Williams to pay Chase restitution of $23,567.57 – the amount Williams owed on his Chase accounts at the time of the charge-off – under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. On appeal, Williams argues that the scheme did not directly and proximately harm Chase and that restitution is unwarranted because Chase has alternate means of being made whole. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

"In general, we review an MVRA order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Gushlak*, 728 F.3d 184, 190(2dCir.2013)(internalquotationmarksomitted). "A district court abuses its discretion when a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted).

The MVRA mandates restitution to victims of certain crimes, including, as relevant here, offenses committed by fraud or deceit in which a victim "has

suffered a . . . pecuniary loss." 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1). The statute defines "victim" broadly to include "a person directly and proximately harmed as a result of the commission of [the] offense." *Id.* § 3663A(a)(2). This Court has found direct cause to be established where a defendant's action was the "but for" cause of the harm. *See United States v. Marino*, 654 F.3d 310, 322–23 (2d Cir. 2011). As to proximate cause, we consider "whether the harm alleged has a sufficiently close connection to the conduct at issue," and the requirement may be satisfied where the harm was "foreseeable." *Robers v. United States*, 572 U.S. 639, 645 (2014) (internal quotation marks omitted).

Williams contends that the scheme did not directly or proximately cause a loss to Chase because his debts were already past due when he executed the fraud. On Williams's view, any pecuniary loss was triggered by his non-payment of the amounts owed, as opposed to Chase's discharge of that obligation, and would have occurred regardless of his scheme. We find this argument, as well as its underlying conception of the relevant harm, to be meritless. For starters, Williams stipulated that the scheme was intended to cause losses of approximately $207,000, which included the amounts Williams already owed to Chase at the time

4

of the crime. As the district court noted, Chase wrote off that debt as a result of Williams's false assertion of identity theft, and Williams ceased owing Chase $23,567.57 as a result of the write-off. Thus, Chase suffered a loss when Williams's accounts were "closed as fraudulent applications," as it explained in its declaration, because Chase could no longer seek collection on the debt. J. App'x at 176. That result was a foreseeable – indeed, intended – consequence of Williams's fraud. Further, Williams offers no evidence to suggest that Chase would have written off the debt if not for his false identity theft claim. Accordingly, the district court did not abuse its discretion in finding that Chase was directly and proximately harmed by Williams's crime in the amount of the write-off.

Williams also argues that restitution is unwarranted because Chase can be returned to the position that it was in prior to his scheme by exercising its right to reinstate the debt report now that Williams's fraud has been uncovered. In essence, Williams suggests that Chase did not suffer an actual loss because it can undertake actions itself to reverse the write-off it made in reliance on Williams's fraud. But as the district court noted, any right that Chase had to reinstate the

5

debt came only "later," after "the moment that the fraud was consummated" and caused Chase's loss. J. App'x at 164. Relatedly, whether Chase is entitled to restitution under the MVRA does not depend on whether it can be made whole through reinstatement or some other civil process. The MVRA makes clear that "[i]n no case shall the fact that a victim has received or is entitled to compensation . . . [from] any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). We therefore find no abuse of discretion in the district court's rejection of Williams's arguments concerning the charged-off debt.

We have considered Williams's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6